**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Kevin Walker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 0:25-2948-RMG |
| v. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for supplemental security income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 20, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings because the Administrative Law Judge's failure to adequately explain internally inconsistent findings concerning Plaintiff's difficulties with concentration. (Dkt. No. 14). The Commissioner filed no objections to the R & R. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination

-1-

of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The Administrative Law Judge ("ALJ") found that Plaintiff suffered from the following severe impairments: anxiety, depression, right hip dysfunction, and disorder of the lumbar spine. (Dkt. No. 8-2 at 21). The ALJ further found that Plaintiff retained the residual functional capacity for less than the full scope of light work but made no provision for any limitation in the RFC for concentration, persistence, or pace. (*Id*. at 25).

The Magistrate Judge noted internal inconsistencies in the ALJ's assessment of Plaintiff's ability to sustain focus, particularly regarding the testimony of a psychiatric consultant, Dr. Chad Ritterpach.   The Magistrate Judge noted that at one point in the administrative decision the ALJ found that Plaintiff had moderate limitations in concentration, persistence or pace based, at least in part, on Dr. Ritterpach's report but at another point in the decision described Dr. Rippenpach's report as "vague." (Dkt. No. 14 at 7).  The Magistrate Judge recommended that the decision of the Commissioner be reversed and remanded to the agency because of the ALJ's "contradictory statements and findings" regarding Plaintiff's ability to concentrate and failure to reconcile the conflicting evidence in the record on this issue. (*Id.* at 8-9).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be reversed and remanded for further proceedings consistent with the R & R.   For that reason, the Court adopts the R & R as the order the Court and remands the case to the agency for further action consistent with this order.

### Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 14) as the order of the Court.  The decision of the Commissioner is **REVERSED** pursuant to 42 U.S.C. § 405(g). The Court remands the matter to the agency for further action consistent with this order

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 5, 2026

-3-